Belknap
No. 7100

STATE OF NEW HAMPSHIRE v. WALTER J. KOMISAREK, JR.

July 30, 1976

*David H. Souter,* attorney general, and *Peter W. Heed,* attorney, by brief, for the State.

Walter J. Komisarek, Jr., pro se, by brief.

KENISON, C.J. The question presented in this case is whether the defendant is entitled to a trial by jury in the superior court on appeal from his conviction for speeding (RSA 262-A:54) in the Laconia District Court in April 1973, prior to the enactment of RSA 592-A:2-a which was effective from August 21, 1973 to November 1, 1973 and RSA 592-A:2-b, effective since November 1, 1973 which abolished trial by jury for violations such as speeding. Upon defendant's motion to transfer to the supreme court before trial this question of law was reserved and transferred by *Keller,* C.J.

In a series of cases beginning in 1965 it was held that under existing statutory provisions defendants charged with misdemeanors were entitled to a trial by jury. *State v. Ring,* 106 N.H. 509, 214 A.2d 748 (1965); *State v. Despres,* 107 N.H. 297, 220 A.2d 758 (1966); *State v. Desjardins,* 110 N.H. 511, 272 A.2d 599 (1970); *State v. Morrill,* 112 N.H. 203, 291 A.2d 604 (1972). In the *Morrill* case *supra,* we pointed out that although the legislature had met six times in six-and-one-half years since *Ring supra,* it had not made any attempt to amend the statute. Finally in 1972, the judicial council recommended that trial by jury in the superior court should not be available in cases in which the penalty for the offense was limited to a fine or a fine and forfeiture or other civil penalty. Fourteenth Report, New Hampshire Judicial Council 84-85 (1972). By virtue of Laws 1973, chapter 264, the legislature enacted RSA 592-A:2-a and RSA 595-A:2-b. The latter statute reads as follows: "Jury Trial. Trial by jury shall not be afforded in

the superior court for any violation as defined in RSA 625:9." In pertinent part, violation is defined in RSA 625:9 V as follows: "A violation is an offense so designated by statute within or outside this code and, except as provided in this paragraph, any offense defined outside of this code for which there is no other penalty provided other than a fine or fine and forfeiture or other civil penalty . . . ."

The defendant's speeding charge, his trial in the district court, and the perfection of his appeal to obtain a jury trial all occurred in March and April of 1973, several months before the effective dates of RSA 592-A:2-a and RSA 592-A:2-b. The defendant was entitled to a jury trial on his appeal before the new statutes became effective. In view of the constitutional prohibition against retrospective laws, the present statute should not be applied to this defendant. N.H. CONST. pt. I, art 23. *See also* J. Rawls, A Theory of Justice 238 (1971); T. Cooley, Constitutional Limitations 268 n.1 (1868) questioning the decision in *State v. Arlin,* 39 N.H. 179 (1859). "Where reliance on an established procedure is reasonable, and the application of a new procedure to acts committed prior to its enactment would unfairly frustrate that reliance, courts should require that the state demonstrate a legitimate need to employ the new procedure in cases involving prior acts. At the trial and appeal stages, a legitimate state interest in applying the new procedure to all criminal proceedings, instead of just to those in which the alleged act occurred after the change was enacted, may be rare since it is easy to determine whether the defendant's acts were committed prior to the enactment of the procedure. Depending on the trial backlog, most new procedures can be fully operational within one or two years." Note, *Ex Post Facto Limitations on Legislative Power,* 73 Mich. L. Rev. 1491, 1513-14 (1975).

*Remanded.*

All concurred.