Rochester District Court
No. 84-086

### THE STATE OF NEW HAMPSHIRE

v.

### QUENTIN MCKENNEY

March 1, 1985

*Gregory H. Smith*, attorney general (*Andrew L. Isaac*, assistant attorney general, on the brief), by brief for the State.

*Griffin, Harrington, Brigham, Ritzo & Swanson P.A.*, of Portsmouth (*Peter A. Gleichman* on the brief), by brief for the defendant.

## MEMORANDUM OPINION

Complaints charged the defendant with violations of two Rochester ordinances on November 17, 1983. *See* RSA 625:9, V. On January 23, 1984, the Rochester District Court (*Cooper*, J.) found defendant guilty of each charge, imposed one fine and suspended another. The court then denied defendant's motion to appeal to the superior court, apparently on the basis of the latest amendment of RSA 502-A:12 (Supp. 1983). That amendment took effect on January 1, 1984, and eliminated appeals from the district court to the superior court following convictions in violation cases, subject to an exception not relevant here. The defendant claims that the court's reliance on the amendment in this case violates part I, article 23 of the State Constitution, limiting the retrospective application of the law. We agree and reverse.

Article 23 applies both to laws affecting civil cases and to those providing for the punishment of offenses. *Id.* A penal statute may not be applied to impose or enhance punishment for acts committed before the statute's enactment. *See, e.g., Woart v. Winnick*, 3 N.H. 473, 476 (1826). Although article 23 does not necessarily preclude the retrospective application of procedural enactments affecting the application of penal laws, *State v. Theodosopoulos*, 123 N.H. 287, 290, 461 A.2d 100, 102 (1983), the burden is on the State to demonstrate a need to apply the new law in a prosecution based on prior acts. *State v. Komisarek*, 116 N.H. 427, 428, 362 A.2d 190, 191 (1976). A statute regulating appeals from conviction under a penal statute is procedural in nature. *See id.*

In *Komisarek* a statute had eliminated the right to jury trial on appeal from district to superior court in speeding cases. *Id.* at 427, 362 A.2d at 190. The statute was held inapplicable to a defendant who had been convicted of speeding in a district court and had appealed before the statute's effective date. *Id.* at 428, 362 A.2d at 191. The defendant had taken his appeal before the effective date of the procedural change, and for that reason there was language in the opinion suggesting that the defendant had relied on the law in effect at the time he took the appeal. *Id.* Such reliance was not detrimental to him in any substantial sense, however. The issue of reliance therefore furnishes no basis to distinguish *Komisarek* from the case before us, in which the amending statute became effective after the date of the offenses but before the date of trial.

The State cites *Smith v. Sampson*, 114 N.H. 638, 325 A.2d 796

(1974) as contrary authority. That, however, was a civil case involving procedural burdens in an action between private parties, and it is therefore not controlling.

 We hold that the defendant may take his appeal under the statute's prior provisions. Since we find the application of article 23 to be dispositive in the defendant's favor, we do not reach his claims under the Federal Constitution. *See State v. Ball*, 124 N.H. 226, 471 A.2d 347 (1983).

*Reversed.*