Coos
No. 88-427

THE STATE OF NEW HAMPSHIRE

v.

PAUL PETERS

January 28, 1991

*John P. Arnold,* attorney general (*Tina Schneider,* assistant attorney general, on the brief and orally), for the State.

*Joanne Green* and *W. Kirk Abbott, Jr.,* assistant appellate defenders, of Concord (*Ms. Green* on the brief, and *Mr. Abbott* orally), for the defendant.

BATCHELDER, J.   The defendant appeals his conviction by a jury in Superior Court (*Groff,* J.) on two counts of aggravated felonious sexual assault upon a victim less than thirteen years of age. RSA 632-A:2, XI. In advance of trial, pursuant to RSA 517:13-a, II (Supp. 1989), a video tape deposition of the victim was taken, which was used at trial in lieu of the child's live testimony. The defendant contends that the admission of the victim's videotaped testimony violated his right, protected under part I, article 15 of the New Hampshire Constitution and the sixth amendment to the United States Constitution, to confront all witnesses against him. Because we hold that in the context of this case the use of the video tape at trial violated the defendant's confrontation rights under the State Constitution, we reverse his conviction.

Prior to trial, the State moved, pursuant to RSA 517:13-a (Supp. 1989), to take the deposition of the victim, who was then eight years old. As required by RSA 517:13-a, III (Supp. 1989), the defendant, his attorney and the county prosecutor were present at the taping, conducted before the Superior Court (*Morrill,* J.) on April 7, 1988. Under the statute, the defendant was given the opportunity, which he took, to cross-examine the witness.

Before the deposition was taken, the defendant objected to the use of the video tape in lieu of live testimony. After the deposition, but before trial, the defendant also filed a motion *in limine* objecting to the use of the video tape at trial, claiming, among other things, that the introduction of the video tape at trial would violate his right to "meaningfully confront his accusers face to face," as protected by part I, article 15 of the New Hampshire Constitution and the sixth and fourteenth amendments to the United States Constitution. As the record indicates, the Court (*Groff*, J.) denied the motion without making any findings or rulings, and admitted the video tape in place of the victim's live testimony at trial. There is no indication in the record that a hearing was held at trial on the defendant's confrontation clause claim.

The defendant argues that his confrontation rights were violated, because the court admitted the victim's videotaped testimony in lieu of her live testimony without first finding that the victim was unavailable to testify at trial. He contends that RSA 517:13-a, II (Supp. 1989) is unconstitutional, because it presumes, in effect, that all witnesses under the age of twelve are unavailable to testify at trial, rather than requiring a case-specific finding that videotaped testimony is necessary. The defendant does not elaborate upon what a showing of unavailability would entail. We presume, however, that unavailability in this sense does not refer to physical absence. Instead, it may relate to a circumstance such as emotional trauma caused by testifying in the courtroom. *See Maryland v. Craig*, 110 S. Ct. 3157, 3169 (1990) (necessity for procedure denying defendant face-to-face confrontation may be shown where child would be traumatized by defendant's presence). Another example is where a child witness's memory might be compromised if trial is delayed. *See California v. Green*, 399 U.S. 149, 168 n.17 (1970) (hearsay exception recognizes that witness is "unavailable" for purposes of exception where, through lapse of memory or plea of fifth amendment privilege, State cannot secure live testimony). Further, the defendant asserts that the admission of videotaped testimony in the present case deprived him of his confrontation rights, in that the jury was unable to fully assess the victim's demeanor. Because the defendant has properly preserved his State constitutional claim on appeal, *see State v. Fowler*, 132 N.H. 540, 545, 567 A.2d 557, 560 (1989), we will first address his arguments under the State Constitution, looking to federal case law for guidance. *See State v. Turmelle*, 132 N.H. 148, 152, 562 A.2d 196, 198 (1989).

Under part I, article 15 of the New Hampshire Constitution, an individual accused of a crime has the right "to meet the witnesses against him face to face." The protection afforded by the sixth amendment to the Federal Constitution is "to be confronted with the witnesses against him." The language of the New Hampshire Constitution in this regard is the more precise of the two, in that it explicitly provides what the Federal Constitution has been interpreted to mean. The United States Supreme Court has interpreted the federal language as guaranteeing a criminal defendant "'the right physically to face those who testify against him and the right to conduct cross-examination,'" *Coy v. Iowa*, 487 U.S. 1012, 1017 (1988) (quoting *Pennsylvania v. Ritchie*, 480 U.S. 39, 51 (1987)), as well as ensuring "'that the witness will give his statements under oath . . . [and before the jury so it may] observe the demeanor of the witness in making his statement. . . .'" *Maryland v. Craig*, 110 S. Ct. at 3163 (quoting *California v. Green*, 399 U.S. at 158 (footnote omitted)).

■■ The Supreme Court's precedents establish that the confrontation clause "'reflects a preference for face-to-face confrontation *at trial*' (citations omitted), a preference that 'must occasionally give way to considerations of public policy and the *necessities of the case.*'" *Maryland v. Craig*, 110 S. Ct. at 3165 (citation omitted) (emphasis added). Necessity may not, however, be established by a statute which creates a legislative presumption that a certain class of witnesses, for example, child victims of sexual abuse, is unable to testify at trial. *See Coy v. Iowa*, 487 U.S. at 1020–21. Rather, in order to sustain an exception to a defendant's confrontation rights there must be an individualized finding that the witness in a particular case is unavailable to testify at trial. *See id.* at 1021.

The following language provides the statutory backdrop for our discussion:

*"RSA 517:13-a Video Tape Trial Deposition Authorized*

I. In any criminal case, the state may move to take a video tape trial deposition of any witness, including the victim, who was 16 years of age or under at the time of the alleged offense. Any victim or other witness who was 16 years of age or under at the time of the offense may also move to take a video tape trial deposition of his testimony. The court shall order a video tape trial deposition if it finds by a preponderance of the evidence that:

(a) The child will suffer emotional or mental strain if required to testify in open court; or

(b) Further delay will impair the child's ability to recall and relate the facts of the alleged offense.

II. In any criminal case, if a victim or other witness is under 12 years of age, a video tape deposition shall be taken unless the court finds, after a hearing, by the preponderance of the evidence, that it is in the interest of justice to allow testimony in open court."

RSA 517:13-a (Supp. 1989) has its origins in the Judicial Council's Report on Senate Bill 2 Relative to Child Victims and Child Abuse, dated February 5, 1985. It was enacted for the purpose of protecting child victims of sexual abuse and child witnesses from further trauma induced by testifying in a courtroom, as well as to promote effective law enforcement by addressing the problem of a child's memory being compromised if there is a delay before trial. *See* N.H. Judicial Council, TWENTY-FIRST BIENNIAL REPORT 11 (1986).

■ In the pursuit of fairness in the conduct of trials, in our developing jurisprudence a common goal of legislators, judges and constitutional framers is the presentation of credible evidence at trials. By enacting RSA 517:13-a (Supp. 1989), the legislature attempted to achieve this goal while at the same time protecting child victims of sexual abuse from the trauma of testifying at trial. Thus, in determining whether the admission of the video tape testimony in question violated the defendant's confrontation rights, the threshold issue is whether the victim was available to testify at trial. This is a fundamental level of inquiry which attaches in both a confrontation clause and hearsay analysis, and accounts for the occasional parallel lines of evaluation which are employed in determining whether to admit the proffered evidence.

■■ The defendant argues that the victim's unavailability to testify at trial was presumed under RSA 517:13-a, II (Supp. 1989). Paragraph II of the statute requires a video tape deposition to be taken "unless the court finds . . . that it is in the interest of justice to allow testimony in open court." It does not provide, however, for any determination to be made as to the admissibility of the video tape *at trial*. Although the video tape deposition shall be admissible into evidence at trial in the event the child witness does not testify, *id.*, III (Supp. 1989), the child may be required to testify at trial if ordered by the court upon a showing of "good cause." *Id.*, IV (Supp. 1989). Interpreting the statute as constitutional, *see Ladd v. Coleman*, 128 N.H. 543, 546, 517 A.2d 811, 813 (1986) (stating that a statute will be

interpreted as constitutional where it is susceptible of such a construction), we hold that once a video tape deposition has been taken pursuant to RSA 517:13-a, I or II (Supp. 1989), it is not *per se* admissible in lieu of live testimony at trial, but that before the video tape deposition may be admitted, the trial judge must make a specific finding, at the time of trial, that the victim or witness in a particular case continues to be unavailable to testify at trial, *i.e.*, that good cause has not been shown for requiring live testimony. If a defendant properly objects to the introduction at trial of the video tape deposition, the proponent of the video tape evidence shall have the burden of proving by a preponderance of the evidence that the witness is unavailable in the constitutional sense of the word, as used in confrontation clause jurisprudence, to testify at trial.

■■  Such an interpretation of the statute not only is in keeping with the confrontation clause's preference for face-to-face confrontation at trial, but is consistent with our decision in *State v. Heath*, 129 N.H. 102, 523 A.2d 82 (1986), as well as common trial practice. In *State v. Heath*, we held that the scope of video tape depositions taken pursuant to RSA 517:13-a (Supp. 1986) is not limited to questions, the answers to which would be admissible at trial, but may include discovery questions which elicit inadmissible testimony. *See Heath, supra* at 107–08, 523 A.2d at 86. We noted that if discovery questions are permitted, it may be necessary to delete the discovery questions and answers before the video tape deposition is played before a jury, "but this is a common practice whenever a video taped deposition includes testimony *later ruled inadmissible.*" *Id.* at 108, 523 A.2d at 86 (emphasis added). Our decision in *State v. Heath*, therefore, indicates that when a video tape deposition is taken pursuant to RSA 517:13-a (Supp. 1989), the admissibility of the video tape deposition at trial is not determined until a later time. Moreover, it is common and sensible trial practice for the trial court to rule upon the admissibility of evidence at or reasonably near the time of trial, particularly in this instance when it is the alleged unavailability of a witness to testify *at trial* that is at issue. Given this interpretation of the statute, we reject the defendant's argument that RSA 517:13-a, II (Supp. 1989) is unconstitutional on its face.

■■  Yet the statute may, as in this case, be unconstitutionally applied so as to deprive the defendant of his constitutional right of confrontation. Since the record does not provide any evidence either of a hearing on the defendant's motion to exclude the video tape deposition or of the requisite showing of the victim's unavailability to

testify at trial, and the State does not argue that it made this showing, we must conclude that no such showing was made. The video tape deposition, therefore, was not properly admitted as evidence at trial. As we cannot say beyond a reasonable doubt that the admission of the videotaped testimony, in the absence of the required showing by the State, did not affect the verdict, *see State v. Ruelke*, 116 N.H. 692, 694, 366 A.2d 497, 498 (1976), we hold that the defendant's confrontation rights under part I, article 15 of the State Constitution were violated. Accordingly, we reverse the defendant's conviction.

Because our resolution of the first issue raised by the defendant is dispositive of this case, we do not address the second issue; namely, whether admission of the videotaped testimony violated the defendant's confrontation rights because the jury was unable to fully assess the victim's demeanor. We note that the video tape procedure provided for by RSA 517:13-a (Supp. 1989) does not raise a substantial confrontation clause problem since it involves testimony in the presence of the defendant. *See Coy v. Iowa*, 487 U.S. at 1023 (O'Connor, J., concurring) (noting that thirty-three States permit the use of videotaped testimony, which typically is taken in the presence of the defendant). Whatever confrontation problems, if any, this procedure may entail, it may come within an exception to the State confrontation clause's requirements that permits its use. *See id.* at 1024. The United States Supreme Court has indicated that the rights implicit in the federal confrontation clause are not absolute, but may give way in limited circumstances to other important interests. *Id.* at 1020, 1022. Similarly, an accused's rights under the State confrontation clause may, in an appropriate case, give way to an important State interest.

*Reversed.*

HORTON, J., did not sit; the others concurred.