Merrimack
No. 89-498

### THE STATE OF NEW HAMPSHIRE

v.

### RICHARD LaPORTE

March 22, 1991

*John P. Arnold*, attorney general (*Donald Feith*, assistant attorney general, on the brief and orally), for the State.

*W. Kirk Abbott, Jr.*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

JOHNSON, J. The defendant, Richard LaPorte, was convicted of five counts of aggravated felonious sexual assault, *see* RSA 632-A:2, X, following a jury trial in Superior Court (*M. Flynn*, J.). LaPorte appeals his convictions, arguing that the Superior Court's (*Dunn*, J.) application of RSA 517:13 (Supp. 1986) (current version at Supp. 1990), barring depositions of witnesses who were under the age of sixteen at the time of the alleged offense, violated his right to equal protection. We agree and therefore reverse. Because of our ruling on this issue, we do not address LaPorte's other arguments, concerning jury instructions relating to the victim's religious beliefs and the sufficiency of the evidence.

The material facts of this case are as follows. The State alleged that LaPorte sexually assaulted his stepdaughter five times during the period 1982 through 1985, when the victim was under sixteen years of age. The victim was age sixteen when she reported the offenses in January of 1986. In September 1986 and July 1987, LaPorte filed motions for discovery depositions of the victim. The State objected to these motions, citing the prohibition of such depositions set forth in RSA 517:13. The motions were denied. In addition, LaPorte moved for a video tape deposition pursuant to then-current RSA 517:13-a (Supp. 1986). This motion was also denied.

The Superior Court (*Cann*, J.) then granted the State's request for the victim's live testimony; the request stated that the victim would not be adversely affected by testifying in front of a jury. Finally, in December 1987, LaPorte subpoenaed the victim for a discovery deposition, but the Superior Court (*Dunn*, J.) granted the State's motion to quash the subpoena. On appeal, LaPorte argues that his right to equal protection of the laws, as guaranteed by part I, articles 2 and 12 of the New Hampshire Constitution, and section one of the fourteenth amendment to the United States Constitution, was denied by the superior court's application of RSA 517:13 (Supp. 1986) to his case.

The statute at issue, RSA 517:13 (Supp. 1986), reads as follows:

> *"Taking of Depositions.* The respondent in a criminal case may take the discovery deposition of any person in his defense, upon giving the same notice of the caption thereof to the prosecutor that is required to be given to the adverse party in a civil case. Any discovery deposition so taken may be used on the trial of the case whenever, in the discretion of court, the use thereof shall be deemed necessary for the promotion of justice. Notwithstanding this section, no party in a criminal case in which the victim, *at the time of the alleged offense*, was under 16 years of age shall take the discovery deposition of the victim or any witness who was under 16 years of age *at the time of the alleged offense*."

(Emphasis added.)

In *State v. Heath*, 129 N.H. 102, 110, 523 A.2d 82, 87–88 (1986), this statute survived an equal protection challenge, and the State argues that our holding in that case should bind our determination here. In *Heath*, however, the question was whether the application of the statute "create[d] an impermissible classification by limiting the discovery deposition rights of defendants accused of crimes against

*victims under sixteen." Id.* at 110, 523 A.2d at 87 (emphasis added). The victim in that case was under sixteen years old both at the time of the alleged offense *and* at the time of the deposition request, and thus the challenge was simply to the different treatment of children and adult victims. In contrast, the victim here was *under* sixteen years old at the time of the alleged offenses, but *over* sixteen at the time the depositions were requested. Because the facts of this case are significantly different from the facts of *Heath,* our holding in *Heath* is not binding on us here.

■ The doctrine of equal protection demands that "all persons similarly situated should be treated alike," *Cleburne v. Cleburne Living Center,* 473 U.S. 432, 439 (1985), and therefore "[t]he first question in an equal protection analysis is whether the State action in question treats similarly situated persons differently." *Appeal of Marmac,* 130 N.H. 53, 58, 534 A.2d 710, 713 (1987). We find that LaPorte meets this preliminary test. LaPorte belongs to a class of similarly situated defendants accused of sexual assault. The statute at issue in effect divides this class into two subclasses. The first consists of defendants accused of assaulting victims who are children both at the time of the alleged assault and at the time of deposition request. The second subclass, of which LaPorte is a member, consists of defendants who are accused of assaulting victims who are under age sixteen at the time of the alleged assault, but who are over age sixteen at the time of deposition request. *See* RSA 517:13 (Supp. 1986).

■ The question then becomes whether this classification is permissible under the State and Federal Constitutions. Where, as here, the classification does not affect a fundamental right or classify on the basis of race, creed, color, gender, national origin, or legitimacy, the "legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *Cleburne,* 473 U.S. at 440; *accord Heath,* 129 N.H. at 110, 523 A.2d at 88.

There is no doubt that the legislature had a legitimate State interest in enacting RSA 517:13 (Supp. 1986). While testifying in favor of the statute's predecessor, Senate Bill 2 (1985), Senator Podles stated:

> "The select committee found a compelling need for fundamental change in the way our system treats child victims. We found that some cases are dropped and some are never brought forward because of the hardship now experienced

by child victims. Currently, children go through the same system as if they are adults. The first three sections of SB 2 are designed to reduce the trauma experienced by child victims during the judicial process. Discovery depositions in criminal cases involving witnesses under the age of 16 are eliminated. The testimony we have heard from parents and child advocates indicated that discovery depositions were often the most difficult of the court process for child victims because at such depositions, questioning was conducted without a jury present."

N.H.S. JOUR. 569–70 (1985). As we stated in *Heath*, "the legislature could reasonably have found that repetitive subjection to interrogation without judicial supervision is so disturbing to young victims and witnesses as to threaten effective prosecution of the cases in question." *Heath*, 129 N.H. at 110, 523 A.2d at 88.

 Although the State has shown that RSA 517:13 (Supp. 1986) was enacted pursuant to a legitimate State interest, "[t]he State may not rely on a classification whose relationship to an asserted goal is so attenuated as to render the distinction arbitrary or irrational." *Cleburne*, 473 U.S. at 446. We hold that there is no rational relationship between denying LaPorte the opportunity to depose a victim now over age sixteen and the stated goal of protecting children from "repetitive subjection to interrogation without judicial supervision," *Heath*, 129 N.H. at 110, 523 A.2d at 88. Simply put, as applied to LaPorte, the words of the statute do not advance its purported goal, the protection of children under the age of sixteen.

Under present law, the State may prosecute someone for sexually assaulting a child if the prosecution begins before the victim reaches the age of forty. Laws 1990, 213:2. The statute would prohibit the discovery deposition of a child victim, long since an adult, under the guise of protecting children. Further, a child assaulted at age sixteen and deposed the same year would likely be just as harmed by the discovery process as another victim who was deposed at age sixteen, but who had been assaulted at age fourteen. Under RSA 517:13 (Supp. 1986), only the latter victim is protected.

The State argues that it is nonetheless permissible to classify defendants based on the age of their alleged victims *at the time of the alleged assault*, instead of at the time of the deposition, because to do otherwise would encourage a defendant to delay trial until a victim is sixteen years old. For example, the State argues, a victim who reports an assault when he or she is thirteen might lose the protection

of the statute if the defendant delays the discovery process until the victim reaches age sixteen. We reject this argument because, as stated above, RSA 517:13 (Supp. 1986) was designed to protect *children*, defined as persons under the age of sixteen. Once a victim reaches that age, the protection of the statute is no longer deemed necessary. Further, it is not just the defendant, under our practice, who is allowed to weigh the benefits of delaying discovery against the benefits of his or her speedy trial right. The prosecution and the courts also have an interest, and a duty, to see that cases are heard in a speedy fashion. We reject the notion that the defendant could manipulate the system to his or her advantage by delaying the trial in order to achieve desired discovery.

■■ Although we hold that RSA 517:13 (Supp. 1986) is unconstitutional under the State and Federal Constitutions as applied to LaPorte, we recognize the harm that would result were we to strike down the entire provision regarding child victims and witnesses. We have held that a portion of a statute "may be declared unconstitutional without affecting the continued validity of the statutory [provision], 'if it appears that the legislature would have enacted the statute without the offending provision.'" *Coffey v. Bresnahan*, 127 N.H. 687, 691, 506 A.2d 310, 313 (1986) (citation omitted). The testimony of Senator Podles, quoted above, makes it abundantly clear that the legislature enacted RSA 517:13 (Supp. 1986) in order to protect children under the age of sixteen from being subjected to discovery depositions. Her testimony persuades us that the legislature would have enacted the statute had it been worded to bar depositions of victims or witnesses who are children under age sixteen at the time of the *deposition*, instead of at the time of the *alleged offense*, as it now reads. Accordingly, we construe RSA 517:13 (Supp. 1986) to bar depositions only of those victims and witnesses who, at the time of the discovery deposition, are under sixteen years of age. *See id.* at 690–91, 506 A.2d at 312–13; *see also Belkner v. Preston*, 115 N.H. 15, 20, 332 A.2d 168, 172 (1975).

■ We note that the current version of the statute, RSA 517:13 (Supp. 1990), suffers from the same constitutional infirmity as the 1986 version, in that it bars discovery depositions of victims and witnesses who were under a certain age "at the time of the alleged offense." The only substantive difference between the two versions is that the age limit in the 1990 version is "16 years of age or under," whereas in the 1986 version, it is "under 16 years of age." Therefore, we hold the 1990 version violative of equal protection, and construe

its prohibition to apply only to those victims and witnesses who, at the time of the discovery deposition, are sixteen years of age or under.

*Reversed and remanded.*

All concurred.