Rockingham
No. 2007-244

THE STATE OF NEW HAMPSHIRE

v.

JUDITH MATTHEWS

Argued: May 22, 2008
Opinion Issued: June 27, 2008

*Kelly A. Ayotte*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*Samdperil & Welsh, PLLC*, of Exeter (*Richard E. Samdperil* on the brief and orally), for the defendant.

HICKS, J. The defendant, Judith Matthews, appeals an order of the Superior Court (*Nadeau*, J.) granting the State's motion to remand the case to district court to be entered as a conviction for a class B misdemeanor. *See* RSA 625:9, VIII (2007). She argues that the superior court's reliance upon a recent amendment to RSA 625:9, VIII violates the constitutional guarantee against retrospective laws in Part I, Article 23 of the New Hampshire Constitution. We affirm.

The record supports the following. Based upon an incident that occurred on May 27, 2006, the State charged the defendant with simple assault, a class A misdemeanor. *See* RSA 631:2-a (2007); RSA 625:9, IV(a)(2) (2007).

The Portsmouth District Court (*DeVries*, J.) found the defendant guilty on January 5, 2007. The court fined the defendant $500.00, with $300.00 suspended, and imposed other conditions, but did not impose or suspend any term of incarceration. *See* RSA 651:2, I (2007). The defendant filed an appeal to the superior court on January 8, 2007, seeking a trial *de novo* pursuant to RSA 599:1 (Supp. 2007). The district court transferred the case, and the matter was docketed in the superior court.

The State filed a "Motion to Remand Misdemeanor Appeal and Imposition of Sentence" in the superior court, arguing that, pursuant to an amendment to RSA 625:9, VIII that took effect on January 1, 2007, the defendant no longer had a right to a *de novo* trial in the superior court. The amendment to RSA 625:9, VIII repealed a provision of the statute that had previously allowed a defendant, charged with a class A misdemeanor but deemed convicted of a class B misdemeanor because the sentence did not include a term of incarceration, to treat the conviction as one of a "class A misdemeanor for the purposes of appeal." RSA 625:9, VIII (1996) (amended 2006). This language entitled such a defendant to appeal the district court's ruling to superior court. *See* RSA 599:1 (2001) (amended 2006).

As amended, however, RSA 625:9, VIII provides:

> If a person convicted of a class A misdemeanor has been sentenced and such sentence does not include any period of actual incarceration or a suspended or deferred jail sentence or any fine in excess of the maximum provided for a class B misdemeanor in RSA 651:2, IV(a), the court shall record such conviction and sentence as a class B misdemeanor.

RSA 625:9, VIII. Under RSA 599:1-c, II (2001), "[a] person sentenced by a district or municipal court for a violation or class B misdemeanor may . . . appeal therefrom to the supreme court" only. Relying upon the statutory amendment to RSA 625:9, VIII, the superior court granted the State's motion and remanded the case to the district court to be entered as a conviction for a class B misdemeanor.

On appeal, the defendant argues that the superior court erred in ruling that the amendment to RSA 625:9, VIII, which became effective on January 1, 2007, applied to her, where the charged offense occurred on May 27, 2006. She argues that the superior court's retrospective application of the amended statute violates her constitutional guarantee against *ex post facto* laws in Part I, Article 23 of the New Hampshire Constitution.

We review constitutional issues *de novo. State v. MacElman,* 154 N.H. 304, 307 (2006). Because the defendant does not argue that the application of the amended statute violates her federal constitutional rights, we will

418

address the defendant's claim under the State Constitution, *State v. Ball*, 124 N.H. 226, 232 (1983), and cite federal opinions for guidance only, *id.* at 232-33.

■ Part I, Article 23 of the New Hampshire Constitution forbids *ex post facto* penal laws: "Retrospective laws are highly injurious, oppressive, and unjust. No such laws, therefore, should be made . . . for . . . the punishment of offenses." A law or an application of a law is *ex post facto* if it:

> makes an action done before the passing of the law, and which was innocent when done, criminal, and punishes such action; or aggravates a crime, and makes it greater, than it was when committed; or changes the punishment, and inflicts greater punishment, than the law annexed to the crime when committed. . . . We have . . . distinguished a substantive change to a criminal statute, which augments the crime or increases the range of sentences that could be imposed for the charged crime, from a procedural change to a criminal statute, which, under most circumstances, does not implicate the *Ex Post Facto* Clause.

*Petition of Evans*, 154 N.H. 142, 147 (2006) (quotation and ellipses omitted), *cert. denied*, 127 S. Ct. 1888 (2007).

In this case, both parties agree that the amendments to RSA 625:9, VIII, which altered the defendant's appellate rights, constituted a procedural change. The defendant nevertheless argues that "[t]his court has repeatedly held that statutory changes do not affect a defendant's *appellate rights* for crimes committed prior to the effective date of the change." (Emphasis added.) She relies upon *State v. Komisarek*, 116 N.H. 427 (1976), and *State v. McKenney*, 126 N.H. 184 (1985), two cases involving statutory amendments that affected the defendants' appellate rights.

In *Komisarek*, we held: "Where reliance on an established procedure is reasonable, and the application of a new procedure to acts committed prior to its enactment would unfairly frustrate that reliance, courts should require that the state demonstrate a legitimate need to employ the new procedure in cases involving prior acts." *Komisarek*, 116 N.H. at 428 (quotation omitted). We affirmed the principle that "the burden is on the State to demonstrate a need to apply the new law in a prosecution based on prior acts," in *McKenney*. *McKenney*, 126 N.H. at 185. Neither case cited the express language of Part I, Article 23 or discussed the purpose behind the prohibition of *ex post facto* laws.

Claiming that she reasonably relied upon the established appellate procedure and that "a legitimate state interest in applying the new

procedure would be 'rare' in a case such as this," the defendant argues that she "has a state constitutional right to the appellate procedure in place at the time the crime was committed."

Although the State concedes that the facts of the present case mirror those that existed in *McKenney*, it argues that *McKenney* and *Komisarek* have been implicitly overruled by subsequent cases such as *State v. Johnson*, 134 N.H. 570 (1991), *Petition of Hamel*, 137 N.H. 488 (1993), *State v. Hamel*, 138 N.H. 392 (1994), *State v. Costello*, 138 N.H. 587 (1994), and *State v. Comeau*, 142 N.H. 84 (1997).

■ "While we recognize that the doctrine of stare decisis demands respect in a society governed by the rule of law," there are several factors to be considered when faced with the question of whether to depart from precedent in a given case. *Cmty. Res. for Justice v. City of Manchester*, 154 N.H. 748, 760 (2007) (quotation omitted). These factors include whether:

> (1) the rule has proven to be intolerable simply by defying practical workability; (2) the rule is subject to a kind of reliance that would lend a special hardship to the consequence of overruling; (3) related principles of law have so far developed as to have left the old rule no more than a remnant of abandoned doctrine; and (4) facts have so changed, or come to be seen so differently, as to have robbed the old rule of significant application or justification.

*Id.* We believe that the *McKenney-Komisarek* rule, regarding the retrospective application of an amendment affecting appellate rights, must be abandoned because "related principles of law have so far developed as to have left [this] old rule no more than a remnant of abandoned doctrine." *Id.*

■ Since as early as 1826, we have recognized that "[t]he only object of [the *ex post facto*] clause in the bill of rights was to protect individuals against unjust and oppressive punishment. Therefore, while it withholds the power to make retrospective laws for the *punishment of offences*, it leaves to the legislature the power to make such laws, at its discretion, for the *mitigation of punishment*." *Woart v. Winnick*, 3 N.H. 473, 476 (1826) (emphasis added).

■ Despite our original clarity in categorizing which types of statutory changes would be prohibited by the *Ex Post Facto* Clause, our analysis became clouded in the 1980s as we followed the federal approach. At this time, the *Ex Post Facto* Clause of the Federal Constitution was interpreted to prohibit the retrospective application of laws if they "disadvantage[d] the offender." *State v. Ballou*, 125 N.H. 304, 308-09 (1984) (quotations omitted). However, in *Collins v. Youngblood*, 497 U.S. 37 (1990), the United States

Supreme Court returned to the Clause's historical roots and clarified that not all statutory changes that disadvantage a defendant are prohibited. *See Collins*, 497 U.S. at 50. Rather, a procedural change constitutes an *ex post facto* violation only when coupled with a substantive change that "[makes] innocent acts criminal, alter[s] the nature of the offense, or increase[s] the punishment." *Id.* at 46.

■ Our recent approach toward the retrospective application of laws similarly returns to the limits extant when the constitutional prohibition was adopted. In contrast to *McKenney* and *Komisarek*, our recent jurisprudence embraces the "substance/procedure dichotomy." *Petition of Hamel*, 137 N.H. at 494. As such, "the appropriate focus in *ex post facto* analysis is *not* on whether a law imposes disadvantages or additional burdens, but rather on whether it increases the punishment for or alters the elements of an offense, or changes the ultimate facts required to prove guilt." *Comeau*, 142 N.H. at 88 (quotation and brackets omitted). Accordingly, a change in procedural law that does not affect substantive rights by inflicting greater punishment, altering the elements of an offense, or changing the ultimate facts required to prove guilt, is not *ex post facto*, "even if the procedural changes operate to a defendant's disadvantage." *Id.*; *see also Costello*, 138 N.H. at 589 (explaining that even though a law may disadvantage the defendant, it is not *ex post facto* unless it also provides greater punishment).

■ We believe that *McKenney* and *Komisarek* are inconsistent with our original interpretation of the *Ex Post Facto* Clause and our current jurisprudence. Accordingly, we are persuaded by the State's argument that this rule has become no more than a remnant of abandoned doctrine. We overrule *McKenney* and *Komisarek* to the extent that they expanded the interpretation of the *Ex Post Facto* Clause to hold that the State had the burden of demonstrating "a legitimate need to employ [a] new procedure in cases involving prior acts" where "reliance on an established procedure is reasonable." *Komisarek*, 116 N.H. at 428.

■ In the present case, we regard the amendment to RSA 625:9, VIII, affecting the defendant's appellate rights, as "procedural in nature." *See McKenney*, 126 N.H. at 185. The statutory change in RSA 625:9, VIII "neither made criminal a theretofore innocent act, nor aggravated a crime previously committed, nor provided greater punishment, nor changed the proof necessary to convict." *Dobbert v. Florida*, 432 U.S. 282, 293 (1977). Since the amendment did not affect the defendant's substantive rights, the retrospective application of the revised statute was not *ex post facto* and did not violate Part I, Article 23 of the State Constitution. Therefore, the

superior court properly relied upon the amendment to RSA 625:9, VIII when it granted the State's motion to remand the case to district court to be entered as a conviction for a class B misdemeanor.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.