## COUNTY OF STRAFFORD *vs.* JACKSON.

The statute of July 6, 1827, as to the liberation of prisoners in certain cases, authorizes the court of common pleas to annex terms and conditions to the remission of a fine and costs.

The condition, that the prisoner give his own note for the amount of the fine and costs, for the payment of which he stands committed, is not illegal, but such a note is founded on a good consideration, and is valid.

ASSUMPSIT upon a promissory note, dated January 29th, 1842, signed by the defendant, for $50,00, and payable to the plaintiffs, or order, on demand and interest.

The case was submitted to the determination of the court upon the following statement of facts.

At the January term of the court of common pleas, A. D. 1841, the defendant was sentenced upon an indictment for adultery, to be imprisoned in the county gaol for the term of ten months, pay a fine of fifty dollars, and recognize in the sum of two hundred dollars for his good behavior for the term of three years.

At the January term of said court, A. D. 1842, it was ordered by the court that the defendant's promissory note as above, might be taken in payment of said fine. Whereupon the defendant, on said 29th day of January, A. D. 1842, executed and delivered to the plaintiffs the above note, and complied with the other orders of the court, made January

term, 1841, and was released from gaol, the defendant having been a prisoner in the county gaol in the mean time, by virtue of the above sentence.

The defendant objected that the note was illegal, null and void, and that no action could be maintained upon it.

*Woodman,* for the plaintiffs. The court had power to remit the penalty entirely, and if they could do that, they might receive the defendant's note instead.

In 1 *Chitty's Crim. Law* 666, it is said that it is not unusual for the court, in order to defray the costs of the prosecution, to intimate an inclination to mitigate the punishment, on the ground of the defendant's paying them, or advancing a sum for that purpose. 11 *East* 46, 48; *Bac. Abr., Indictment, A.;* 16 *East* 301; 4 *Campb.* 46. This is said to be the constant practice. 1 *Chitty* 810.

*Hale,* for the defendant. The authority that the judges of the court of common pleas have, is, if the party is unable, to remit the fine and costs, and to discharge the prisoner on such terms and conditions as they may deem just and reasonable. *N. H. Laws* 475.

It is analogous to a case of the governor pardoning a prisoner on condition of giving his note.

The terms and conditions mentioned in the statute, relate not to such a subject.

The cases cited fall far short of this.

There is a public policy that a practice like this should not be tolerated.

It is absurd to say that the inability of a party should be made the means of making him promise to do what he is unable to do.

If this practice prevails, people will get out of prison when they ought not to be discharged.

Parker, C. J. The statute of July 6, 1827, enacts that

---

County of Strafford *v.* Jackson.

---

whenever any person, under conviction for a criminal offence, shall be holden in any of the county gaols, for the non-payment of any fine and costs, or costs only, shall be unable to pay ; or if any person, ordered to procure sureties for the payment of any sum, shall be held in confinement through his or her inability to procure such sureties, the court of common pleas may, if they think proper, remit such fine and costs, or any part thereof, and discharge such prisoner on such terms and conditions as to them may appear just and reasonable. *N. H. Laws, Ed.* 1830, 475.

By this statute, the court are undoubtedly authorized, in some cases, to annex terms and conditions to the discharge ; and we are of opinion that this is not confined to cases where the confinement is for a neglect to procure sureties, but applies to those cases where, as in the present instance, the party was committed for the non-payment of a fine and costs. They may remit the fine and costs, or a part, upon terms and conditions. The prisoner may accept the terms or not, as he pleases.

We see no reason why the conditions may not be, that the prisoner shall give security to the county for the fine and costs; or, if the court think it expedient, that he shall give his own promise to pay, in the shape of a promissory note. Such notes must usually be worthless, and the taking of them, therefore, of doubtful expediency, in most cases. But the right of the county to receive the fine and costs, and the discharge of the prisoner from the confinement intended to enforce the payment, furnish a sufficient consideration for the promise.

If there is an inability at the time, it may in some cases be only temporary ; and if the party see fit to take his discharge upon a promise that he will pay, there is nothing oppressive or illegal, nor anything that is contrary to public policy, in such a transaction, expressly authorized by statute.

*Judgment for the plaintiffs.*