Rockingham,
No. 5355.

STATE *v.* LLOYD C. RING, JR.

Argued November 2, 1965.
Decided December 7, 1965.

*William Maynard,* Attorney General, *William J. O'Neil,* Assistant Attorney General and *Alvin E. Taylor,* county attorney (*Mr. O'Neil* orally), for the State.

*Robert Shaw* (by brief and orally), for the defendant.

KENISON, C. J. Appeal to the Superior Court by the defendant from his conviction in the municipal court of Rye on May 9, 1964 for the offense of operating a motor vehicle to the left and across an unbroken painted line in the center of the highway in violation of RSA 262-A:21 (supp); Laws 1963, 330:1. This offense is popularly referred to as a violation of the yellow-line statute. *Lynch* v. *Bissell,* 99 N. H. 473, 477; *Petition of Graham,* 106 N. H. 118, 119. The penalty is a fine of not more than fifty dollars for the first offense and not more than one hundred dollars for any subsequent offense committed during any calendar year. RSA 262:28 (supp); Laws 1959, 155:1.

When the case was scheduled for trial in the Superior Court the defendant demanded a trial by jury as a matter of right. The Court (*Leahy,* C. J.) reserved and transferred without ruling the question whether the defendant was entitled to a trial by jury. We conclude that the defendant is entitled to a trial by jury.

RSA 592-A:2 (supp); Laws 1957, 244:8 places jurisdiction in the Superior Court " . . . of all appeals in criminal cases from municipal courts." Additionally RSA 599:1 (supp); Laws 1957, 244:38 also provides that any person sentenced for an offense by a municipal court may appeal therefrom to the Superior Court. See also, RSA 502:18 (supp); Laws 1963, 331:7. Similar provisions are made for appeals from convictions in the district courts. RSA 502-A:12 (supp); Laws 1963, 331:1. While the statutes referred to above do not confirm the right to a jury trial on appeal in express words, they have been generally so understood. In the Eighth Report, N. H. Judicial Council 12 (1960) appears the following statement: "Each municipal court has exclusive original jurisdiction of criminal offenses committed within the confines of the city or town in which established, which are punishable by a fine not exceeding $500 or imprisonment not exceeding one year, or both, subject to right of appeal by the respondent to the superior court and to trial by jury." A statement to the same effect is also found in the Ninth Report, N. H. Judicial Council 52 (1962). See also, Tenth Report, N. H. Judicial Council 90 (1964).

The right to trial by jury guaranteed by N. H. Const., Part I, *Art.* 15th is further supplemented by the 1912 amendment to Part II, *Art.* 77. The last sentence of that article reads as follows: "And the general court are further empowered to give

to police courts original jurisdiction to try and determine, subject to right of appeal and trial by jury, all criminal causes wherein the punishment is less than imprisonment in the state prison." Without deciding the constitutional import of these articles, it is evident to us that the statutory scheme regulating the criminal jurisdiction of municipal and district courts and appeals to the Superior Court retains the right to a jury trial on appeal when demanded by the defendant.

The argument is made that there are certain petty or minor offenses which do not require trial by jury and that therefore none is required in this appeal. See *State* v. *Gerry*, 68 N. H. 495; *State* v. *Jackson*, 69 N. H. 511; *Wilmarth* v. *King*, 74 N. H. 512. What constitutes a petty offense not requiring trial by jury has not been delineated with precision either in the state or federal cases. *Cf. District of Columbia* v. *Colts,* 282 U. S. 63 with *District of Columbia* v. *Clawans*, 300 U. S. 617; Frankfurter & Corcoran, Petty Federal Offenses and the Constitutional Guaranty of Trial by Jury, 39 Harv. L. Rev. 917 (1926); Kaye, Petty Offenders Have No Peers, 26 U. Chi. L. Rev. 245 (1959); Doub & Kestenbaum, Federal Magistrates for the Trial of Petty Offenses: Need and Constitutionality, 107 U. Pa. L. Rev. 443 (1959).

For the purposes of the present case it is unnecessary and would be unwise to render an advisory opinion which might catalog and define the extent to which minor or petty offenses may not be subject to the constitutional requirement of trial by jury either under our Constitution or the due process clause of the Fourteenth Amendment to the Constitution of the United States. See Comment, The Availability of Criminal Jury Trials Under the Sixth Amendment, 32 U. Chi. L. Rev. 311 (1965). Thus the surface holding in *United States* v. *Barnett*, 376 U. S. 681 would indicate that a jury was not required in criminal contempt proceedings but a reading of the dissenting opinions together with footnote No. 12 of the majority opinion indicates that the last word has not been said on this subject. Tefft, United States v. Barnett: " 'Twas a Famous Victory" in 1964 Supreme Court Review (Kurland *ed.* 1964) 123. As previously indicated we hold that the defendant is entitled to a jury trial as a matter of right on his appeal in this case pursuant to the statutes of this state.

*Remanded.*

All concurred.