Carroll,
No. 6414.

STATE *v.* DAVID MORRILL.

May 31, 1972.

*Warren B. Rudman,* attorney general, and *Robert V. Johnson II,* assistant attorney general (*Mr. Johnson* orally), for the State.

*William P. Shea,* by brief and orally, for the defendant.

GRIMES, J. The issue in this case is whether the defendant has a right to trial by jury on a speeding charge under RSA 262-A:54, maximum penalty for which is a fine of $50.00.

The State's motion for a trial without jury was granted by the trial court and defendant's exception was transferred by *Keller,* J.

In 1965, this court considered the question of the right to trial by jury on a charge of violating the "yellow line statute", the penalty for which is the same as for the offense charged here. *State* v. *Ring,* 106 N.H. 509, 214 A.2d 748 (1965). It was held in that case, after considering but not ruling upon the constitutional issues, "that the defendant is entitled to a jury trial as a matter of right on his appeal in this case pursuant to the statutes of this state". *Id.* 511.

In *State* v. *Desjardins,* 110 N.H. 511, 272 A.2d 599 (1970), it was stated that although the defendant who is charged with drunkenness (penalty not exceeding six months) would not be entitled to trial by jury under the Federal Constitution, he would be so entitled "by virtue of statute enacted pursuant to the authority of art. 77, part II of the constitution [of this State]. RSA 502-A:11". *State* v. *Despres,* 107 N.H. 297, 220 A.2d 758 (1966), and *State* v. *Ring, supra,* were cited for this statement.

*State* v. *Despres, supra,* contains the statement that "In this

state the statutory scheme for the trial of misdemeanors is a trial in the first instance in a municipal or district court with an absolute right of appeal to the Superior Court where the trial is de novo before a jury", citing *State* v. *Ring, supra.*

Thus, it appears that the holding of *State* v. *Ring, supra,* that by statute in this State a person is entitled to a right to trial by jury on appeal to the superior court of a conviction in municipal or district court has been affirmed on two occasions. Although the holding of *Ring* is clearly based on this court's construction of the statute, and although the legislature has met six times in the six and one-half years since *Ring,* it has given no consideration to amending the statute. In view of this history, we decline to reconsider *Ring* and the defendant is entitled by statute to be tried by jury.

*Exception sustained.*

All concurred.