Hillsborough
No. 82-259

THE STATE OF NEW HAMPSHIRE

v.

DAVID W. MORRILL

August 31, 1983

708

*Gregory H. Smith*, attorney general (*Bruce E. Mohl*, assistant attorney general, on the brief and orally), for the State.

*Eleanor Krasnow*, of Manchester, by brief and orally, for the defendant.

BROCK, J.   The defendant was arrested on October 31, 1981, and was convicted in the Manchester District Court (*Capistran*, J.) for driving while intoxicated, first offense, a *violation*, RSA 265:82 (amended by Laws 1983, 373:10). He was fined $250 and his license was revoked for sixty days. The defendant appealed to the superior court, where he demanded a jury trial. The Superior Court (*DiClerico*, J.) denied his request for a jury trial and transferred to this court the question whether either the United States Constitution or the New Hampshire Constitution requires that defendants charged with driving while intoxicated, first offense (DWI I), be given a jury trial on appeal from the district court.

For the reasons which follow, we hold that persons charged under RSA 265:82 are not entitled to a jury trial, but that any fine imposed upon them cannot exceed the sum of $500.

In 1971, the legislature enacted RSA 625:9, under which every offense defined within the Criminal Code or by other statutes is classified as either a felony, a misdemeanor, or a violation. The statute provides that a "violation does not constitute a crime and conviction of a violation shall not give rise to any disability or legal disadvantage based on conviction of a criminal offense." RSA 625:9, II(b).

Further, the general statutory provision governing sentences and limitations states that:

> "III.  A person convicted of a violation may be sentenced to probation, conditional or unconditional discharge, or a fine.
>
> IV.  A fine may be imposed in addition to any sentence of imprisonment, probation, or conditional discharge. The amount of any fine imposed on
>
> (a) any individual may not exceed two thousand dollars for a felony, one thousand dollars for a misdemeanor, and one hundred dollars for a violation."

RSA 651:2.

Numerous decisions of this court have made clear that under the statutory framework existing until 1973, there was a right of appeal to superior court and a concomitant right to a jury trial upon conviction of all minor offenses in the district or municipal courts. *See State v. Komisarek*, 116 N.H. 427, 362 A.2d 190 (1976); *State v. Mor-*

*rill,* 112 N.H. 203, 291 A.2d 604 (1972); *State v. Ring,* 106 N.H. 509, 214 A.2d 748 (1965).

In 1972, the judicial council recommended that trial by jury should not be available after convictions for violations, *see State v. Komisarek,* 116 N.H. at 427, 362 A.2d at 190; N.H. JUDICIAL COUN-CIL, FOURTEENTH BIENNIAL REPORT, 84–85 (1972), and in 1973 the legislature eliminated jury trials in such cases by chapter 264 of the 1973 session laws. A new statutory provision, RSA 592-A:2-b, was added which provides as follows: "Trial by jury shall not be afforded in the superior court for any violation as defined in RSA 625:9." *See* Laws 1973, 264:3.

Prior to 1979, the offense of driving while intoxicated, first offense, was a misdemeanor. *See* Laws 1973, 528:321. Persons found guilty of the offense were subject to imprisonment of up to one year, a fine of $1,000, and suspension of their driver's license for a period of from sixty days to two years. *See* RSA 651:2, II and IV(a); Laws 1973, 528:321.

In 1979, the State legislature amended the law governing the offense of driving while intoxicated, making the first offense a *violation,* punishable by a fine of up to $1,000 and license suspension of from sixty days to two years. *See* Laws 1979, 362:1. The legislature thus eliminated any possibility of imprisonment for the first offense of driving while intoxicated, but left intact the two other existing sanctions.

Because DWI I was thereby defined as a violation, this legislative action had the intended effect of placing DWI I within the category of offenses for which, under RSA 592-A:2-b, no jury trial right existed on appeal. The defendant maintains that this serves to deprive him of his rights to a jury trial guaranteed by the United States and the New Hampshire Constitutions. *See* U.S. CONST. amends. VI and XIV; N.H. CONST. pt. I, art. 15.

■ The defendant asserts that his federal constitutional rights have been violated because the offense of DWI I is sufficiently "serious" to bring it within the guidelines of *Baldwin v. New York,* 399 U.S. 66 (1970). The fact that the legislature removed *any* possibility of imprisonment for the offense of DWI I renders this claim illusory in light of *Baldwin's* holding that offenses for which possible imprisonment is six months or less, are "petty" and do not give rise to a jury trial right under the United States Constitution. *Id.* at 73–74; *see Duncan v. Louisiana,* 391 U.S. 145, 159–62 (1968).

The maximum fine which may be imposed for DWI I is $1,000. RSA 265:82. If the defendant, although able to pay this fine, refused to do so, he might be imprisoned until he agreed to pay the fine or

discharged it at the rate of five dollars a day. *See* RSA 618:6 (Supp. 1981); RSA 618:9. Assuming the maximum fine of $1,000 were imposed, the defendant's wilful failure to pay could therefore cause him to be imprisoned for 200 days, a period of time exceeding six months.

The defendant argues for this reason that the offense of DWI I carries with it a potential term of imprisonment exceeding six months, and that he therefore has the right to a jury trial under the United States Constitution. We disagree.

The defendant acknowledges that he could not be imprisoned if his indigency rendered him unable to pay the fine imposed. *Bearden v. Georgia*, 103 S. Ct. 2064 (1983); *see Tate v. Short*, 401 U.S. 395, 398–99 (1971); *Kozerski v. Smith*, 555 F. Supp. 212, 217–18 (D.N.H. 1983); *see also* RSA 618:10; *County of Strafford v. Jackson*, 14 N.H. 16, 18 (1843). Thus, the only reason why he might be imprisoned would be his refusal to pay a fine that he was able to pay, and he would have a continuing opportunity to remove himself from incarceration by paying whatever remained of the fine imposed, with credit given for any time served. *See* RSA 618:8, :9; *see also Tate v. Short*, 401 U.S. at 400.

■ In summary, the potential 200-day-confinement period would be the direct result of the defendant's refusal to pay a fine, rather than being in any way a "sentence" imposed on him by a court for the offense of DWI I. The defendant would at all times retain the right to pay the fine and remove himself from confinement, thereby retaining the "keys to the jail" in his own pocket. *See Town of Nottingham v. Cedar Waters, Inc.*, 118 N.H. 282, 285, 385 A.2d 851, 853–54 (1978). In fact, the confinement authorized by RSA chapter 618 is neither sentence nor punishment, but rather simply a means to compel financially able but recalcitrant individuals to pay fines they owe. For all these reasons, we find that the offense of DWI I does not carry with it a possible penalty of imprisonment exceeding six months' duration, and we therefore conclude that the defendant's federal constitutional claim is of no avail.

The defendant also raises a multitude of arguments in support of his claim that DWI I defendants have a jury trial right under the New Hampshire Constitution. Essentially, these arguments center on the contention that the legislature "decriminalized" DWI I only in name in 1979, and that the penalties for the offense remain sufficiently serious to merit the right to a jury trial on appeal.

■ It is beyond dispute that the right to a jury trial is a fundamental one under our State Constitution in both the civil and the criminal contexts. N.H. CONST. pt. I, arts. 15 and 20; *see, e.g., State v.*

*Cushing*, 119 N.H. 147, 148, 399 A.2d 297, 298 (1979); *see also State v. Gerry*, 68 N.H. 495, 496, 38 A. 272, 272 (1896); *Copp v. Henniker*, 55 N.H. 179, 195 (1875).

■ It is equally clear, however, that the right is not without limitation; it extends only to those cases for which the jury trial right existed when the constitution was adopted in 1784. *Wilmarth v. King*, 74 N.H. 512, 513, 69 A. 889, 889 (1908); *State v. Jackson*, 69 N.H. 511, 512, 43 A. 749, 749–50 (1898). Unlike our neighboring states of Maine and Vermont, we do not require as a matter of constitutional right that a jury trial be available even for petty criminal offenses. *Cf. State v. Sklar*, 317 A.2d 160, 165 (Me. 1974) (speeding violation); *State v. Becker*, 130 Vt. 153, 156, 287 A.2d 580, 582 (1972) (violation of "noise in the nighttime" statute); *see also* Note, *Constitutional Issues Raised by the Civil-Criminal Dichotomy of the Maine OUI Law*, 35 ME. L. REV. 385, 393 n.29 (1983).

This case thus requires us to determine whether the sanctions presently attached to DWI I take it outside the realm of "petty offense[s] not requiring trial by jury." *State v. Ring*, 106 N.H. at 511, 214 A.2d at 749.

■■ It is well established that "denial of the right to drive is not a criminal sanction when exercised by the State to remove irresponsible drivers from the highways of the State for the protection of the public." *State v. Bowles*, 113 N.H. 571, 574, 311 A.2d 300, 302 (1973); *see State v. Greenwood*, 115 N.H. 117, 119, 335 A.2d 644, 646 (1975). The fact that a defendant's driver's license may be revoked for a period of sixty days to two years upon conviction for DWI I is not itself a penal sanction triggering a jury trial right. *State v. Bowles*, 113 N.H. at 574, 311 A.2d at 302.

■ It is also beyond question that the legislature could constitutionally deny a jury trial for the many violations for which the maximum fine established is $100. RSA 651:2, IV(a); *see State v. Komisarek*, 116 N.H. at 427, 362 A.2d at 190–91. The question remaining is whether the legislative retention of the $1,000 fine associated with the offense of DWI I, when it was still classified a misdemeanor, is permissible in light of the elimination of a jury trial right on appeal. We believe that it is not.

■ Our review of the landmark cases outlining the right to a jury trial in this State convinces us that the framers of our constitution did not intend that individual criminal defendants be denied a jury trial in cases where fines may be levied which are greater than the amount constitutionally entitling civil litigants to a jury determination:

"Justices of the peace did not have authority in 1784 to fine offenders to the extent of twenty dollars. The constitution does not allow of any such inconsistency as would exist if they might fine offenders twenty dollars, when they could render judgments in civil actions for only thirteen dollars and thirty-three cents. Its authors certainly deemed it as necessary to secure a person from being deprived of his property without the judgment of his peers in a criminal action as it was in a civil action."

*State v. Jackson,* 69 N.H. at 522, 43 A. at 754; *see also State v. Gerry,* 68 N.H. at 496, 38 A. at 273.

The amount presently established as constitutionally entitling civil litigants to a jury trial is $500. *See* N.H. CONST. pt. I, art. 20. We do not believe that a fine exceeding this amount can be levied against individuals charged with offenses under our penal code, without granting them a jury trial on appeal.

This does not mean, however, that the legislature *could not* do what it intended when, in 1979, it attempted to eliminate jury trials in DWI I cases, by making DWI I a petty offense. This court must construe statutes so as "to avoid conflict with constitutional rights whenever reasonably possible." *State v. Smagula,* 117 N.H. 663, 666, 377 A.2d 608, 610 (1977); *see State v. Howard,* 121 N.H. 53, 57, 426 A.2d 457, 459 (1981).

We hold, accordingly, that the legislative definition of DWI I as a "violation" is constitutionally permissible, but that the maximum fine which may be levied for such a violation is $500, or the amount constituting the constitutional threshold of the jury trial right in civil suits. N.H. CONST. pt. I, art. 20.

*Remanded.*

All concurred.