Request of the Senate
No. 92-102

## OPINION OF THE JUSTICES
### (DWI Jury Trials)

May 6, 1992

The following Resolution No. 1, requesting an opinion of the justices, by the senate was adopted on February 19, 1992, and filed with the supreme court on February 24, 1992:

"Whereas, there is pending in the Senate, Senate Bill 406, An Act relative to penalties for second DWI offenses; and

"Whereas an amendment has been proposed to Senate Bill 406; and

"Whereas, doubt has arisen as to the constitutionality of the provisions of said bill; and

"Whereas, it is important that the question of the constitutionality of said provisions should be settled in advance of the enactment of S̶ now, therefore, be it

' by the Senate:

tices of the Supreme Court be respectfully requested on the following questions of law:

possible maximum sentence to 180 days for nd DWI complaint and eliminating the ons as provided in section 1 of Sen- t I, Article 15 of the New Hamp-

aximum sentence to 180 days for und DWI complaint and eliminating the ur such person, as provided in section 1 of Sen- amended, violate any provision of the New Hamp- nstitution?

"That the clerk of the senate transmit copies of this resolution, SB 406, and the amendment to the Justices of the New Hampshire Supreme Court."

The following response is respectfully returned.

*To the Honorable Senate:*

The undersigned justices of the supreme court now submit the following reply to your question of February 19, 1992. Following our receipt of your resolution on February 24, 1992, we invited interested parties to file memoranda with the court on or before March 20, 1992. The date was later extended to April 14, 1992.

Part I, article 15 of the New Hampshire Constitution states in pertinent part that:

"No subject shall be arrested, imprisoned, despoiled, or deprived of his property, immunities, or privileges, put out of the protection of the law, exiled or deprived of his life, liberty, or estate, but by the judgment of his peers, or the law of the land . . . ."

This right to trial by jury has long been held to be the same as that enjoyed by criminal defendants at common law at the time of adop-

tion of the constitution. *See State v. Morrill*, 123 N.H. 707, 712, 465 A.2d 882, 885 (1983) (right to jury trial extends only to cases for which right existed when constitution was adopted); *Wilmarth v. King*, 74 N.H. 512, 513, 69 A. 889, 889 (1908) (right to jury trial, as it existed at the adoption of the constitution, can not be infringed by subsequent legislation); *State v. Gerry*, 68 N.H. 495, 496, 38 A. 272, 272 (1896) ("by this article trial by jury according to the course of the common law is secured to the defendant in all criminal cases without exception"); *State v. Ray*, 63 N.H. 406, 407 (1885) (pt. I, art. 15 guarantees right of trial by jury in all cases where right existed at common law at adoption of the constitution).

At the time the constitution was formed there were two classes of offenses. *See State v. Jackson*, 69 N.H. 511, 512–13, 43 A. 749, 750 (1899). Felonies were prosecuted pursuant to an indictment found by a grand jury or an information filed by the State's attorney, followed by a jury trial. Misdemeanors were heard by a justice of the peace and upon conviction, the defendant had the right to appeal and to a trial by jury. *Id.* at 513, 43 A. at 750; *see also Gerry*, 68 N.H. at 500–02, 38 A. at 275; *Ray*, 63 N.H. at 407 ("Provision is, and ever since the adoption of the constitution has been, made by statute for a trial by jury of every crime indictable by a grand jury, and of every offence where an appeal is taken from the judgment of a justice or police court.").

Part II, article 77 of the New Hampshire Constitution was amended in 1912, adding the following provision:

> "And the general court are further empowered to give to police courts original jurisdiction to try and determine, subject to right of appeal and trial by jury, all criminal causes wherein the punishment is less than imprisonment in the state prison."

Through this provision, justices of the peace were statutorily given jurisdiction of all cases the punishment of which is less than imprisonment in the state prison, *see* RSA 502:18; RSA 502-A:11, which is the equivalent of imprisonment for a term not exceeding one year. *See* Laws 1867, 244:8. While this constitutional amendment and subsequent legislation defined the jurisdiction of municipal and district courts, they did not limit a defendant's statutory right to a jury trial on appeal to the superior court. *See* RSA 592-A:2; *State v. Ring*, 106 N.H. 509, 510–11, 214 A.2d 748, 749 (1965).

In 1973, the State legislature enacted RSA 592-A:2-b, which provides that "[t]rial by jury shall not be afforded in the superior court

for any violation as defined in RSA 625:9 . . . ." RSA 592-A:2-b (Supp. 1991) (amended by Laws 1988, 19:2). A violation is defined as an offense "for which there is no other penalty provided other than a fine or fine and forfeiture or other civil penalty." RSA 625:9, V. Thereafter, in 1979, the legislature eliminated the right to trial by jury for a person charged with a first driving-while-intoxicated (DWI I) complaint by designating the offense a violation, punishable by a fine of up to $1000 and license suspension of from sixty days to two years. Laws 1979, 362:1. The legislature eliminated any possibility of a prison sentence for the first DWI offense.

■ In *Ring* the question was raised whether there are certain petty or minor offenses which do not require trial by jury. We declined, however, to "render an advisory opinion which might catalog and define the extent to which minor or petty offenses may not be subject to the constitutional requirement of trial by jury." 106 N.H. at 511, 214 A.2d at 749. In *Morrill*, we were again faced with this question and specifically asked whether the sanction of a $1000 fine took the first DWI offense outside of the realm of petty offenses not requiring a trial by jury. 123 N.H. at 707, 465 A.2d at 882. We held that the defendant was entitled to a jury trial, and found that based upon past cases the framers of our constitution did not intend to deny individual criminal defendants a jury trial in cases where the potential fine is greater than the amount constitutionally entitling civil litigants to a jury determination. *Id.* at 712, 465 A.2d at 886. At that time the amount in controversy entitling civil litigants to trial by jury was $500. Today, that amount is $1500. N.H. CONST. pt. I, art. 20. We noted, however, that our decision did not prevent the legislature from eliminating jury trials in DWI I cases by making DWI I a petty offense. *Morrill*, 123 N.H. at 713, 465 A.2d at 886. Thus, a violation subject to a penalty less than the amount constitutionally entitling civil litigants to a jury determination is a petty offense.

The Senate now requests our opinion on the constitutionality of eliminating the right to trial by jury for offenses punishable by less than 180 days imprisonment.

■ As discussed above, the right to trial by jury is the same as that afforded criminal defendants at common law at the time of adoption of the constitution. Our cases from the time of the adoption of the constitution have consistently held that part I, article 15 of the New Hampshire Constitution guarantees criminal defendants the right to trial by jury either in the first instance or on appeal to the

superior court. *Morrill* excepts violations in which the potential fine is less than the amount entitling civil litigants to trial by jury.

■ The plain meaning of the language in part I, article 15 supports a finding that a defendant may not be sentenced to six months imprisonment without a trial by jury. In addition, in light of our prior decisions, we believe that our founding fathers intended to guarantee a jury trial to all criminal defendants facing the possibility of incarceration. *See, e.g., Jackson*, 69 N.H. 511, 43 A. 749; *Gerry*, 68 N.H. 495, 38 A. 272; *Ray*, 63 N.H. 406. Therefore, a legislative enactment entirely eliminating the right to jury trial and providing a maximum sentence of six months imprisonment would violate part I, article 15 of our constitution.

We note that *State v. Linsky*, 117 N.H. 866, 379 A.2d 813 (1977), may be read to limit a defendant's right to trial by jury to offenses which carry with them the possibility of more than six months imprisonment. This court stated that the defendants were not entitled to a jury trial because "the trial judge made it clear from the beginning of the case that he would not impose a sentence greater than six months . . . ." *Id.* at 881, 379 A.2d at 823. However, *Linsky* was a criminal contempt proceeding, and the right to trial by jury has not been historically afforded criminal contempt defendants. *State v. Matthews*, 37 N.H. 450, 456 (1859). Therefore, the court's statement cannot be taken to apply to all criminal defendants.

For the foregoing reasons our opinion is that Senate Bill 406, which provides a maximum sentence of 180 days imprisonment without the right to trial by jury, would violate part I, article 15 of the New Hampshire Constitution. Accordingly, we answer question one in the affirmative, and because of this holding, we do not answer question two at this time.

DAVID A. BROCK
WILLIAM F. BATCHELDER
WILLIAM R. JOHNSON
W. STEPHEN THAYER, III
SHERMAN D. HORTON, JR.

May 6, 1992.

*Peter DeVere*, of Center Sandwich, filed a memorandum in support of a negative answer to question number one.