**Matthew P. YOUNG, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 94–CM–1652.

District of Columbia Court of Appeals.

Argued May 6, 1996.

Decided June 20, 1996.

Ellen L. Chubin, with whom John Vanderstar, Carol Elder Bruce, Jeffrey B. Coopersmith, Georgia Kazakis, David Carr, and Arthur B. Spitzer, Washington, DC, were on the brief, for appellant.

Anna F. Matheson, Assistant United States Attorney, with whom Eric H. Holder, Jr., United States Attorney, John R. Fisher, Robert T. Swanson and Molly A. Meegan, Assistant United States Attorneys, Washington, DC, were on the brief, for appellee.

Before SCHWELB and KING, Associate Judges, and KERN, Senior Judge.

PER CURIAM:

The trial court sitting without a jury adjudged appellant guilty of possession of a controlled substance in violation of D.C.Code § 33–541(d) and sentenced him to 180 days imprisonment pursuant to the so-called Misdemeanor Streamlining Act of 1994.[1]

The only issue appellant raises on this appeal is that he was entitled to a jury trial because the offense of which he was charged and convicted is not "petty" within the meaning of the Supreme Court's decisions such as *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), and *Blanton v. City of North Las Vegas*, 489 U.S. 538, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989). This court in *Foote v. United States*, 670 A.2d 366 (D.C.1996) (petition for rehearing or rehearing en banc pending), which was decided subsequent to the filing of the briefs in the instant case, addressed and rejected substantially the same arguments appellant presents here. The decision in *Foote* is, of course, binding upon this division, and hence dispositive of appellant's contentions, *M.A.P. v. Ryan*, 285 A.2d 310, 312 (D.C.1971), with the exception of one argument we now address. Appellant argues that "[t]he potential applicability of . . . [certain] severe statutory penalties to the offense of possession of a controlled substance required the Superior Court to grant a jury trial in this case," and points to one such penalty, D.C.Code § 40–302.1 (1995 Supp.), which we noted in *Foote, supra*, 670 A.2d at 370 n. 10, had not been invoked there.[2]

Revocation of the operator's permit, as the government points out in its brief in the instant case, "historically has been treated as a remedial sanction . . . rather than a penalty," citing to this court's decision in *Rickard v. District of Columbia*, 214 A.2d 476, 478 (D.C.1965) ("the purpose of the revocation procedure 'is not to punish offending drivers but to protect the public' " (citation omitted)), as well as decisions by other courts. *See, e.g., State v. Zerkel*, 900 P.2d 744, 755 (Alaska App. 1995); *State v. Higa*, 79 Hawai'i 1, 897 P.2d 928, 934 (1995); *State v. Morrill*, 123 N.H. 707, 465 A.2d 882, 886 (1983); *Smith v. State*, 17 Md.App. 217, 301 A.2d 54, 64 (1973); *State v. Amick*, 173 Neb. 770, 114 N.W.2d 893, 895 (1962).

We are persuaded by this precedent and hold that the potential loss of a driver's license for one convicted of a misdemeanor drug offense carrying a maximum penalty of six months imprisonment in this jurisdiction does not transmogrify this petty offense into a serious offense requiring a jury trial.

*Affirmed.*

---

1. Misdemeanor Streamlining Act, Title I, D.C. Act 10–238, 41 D.C.Reg. 2608, 2610 (May 13, 1994).

2. This statute provides in pertinent part:
   The Mayor shall revoke, in the absence of compelling circumstances warranting an exception, the motor vehicle operator's permit of a District resident . . . convicted as a result of the commission of a drug offense. . . . The revocation shall be for not less than six months and not more than 2 years.