**Bruce D. SMITH, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 98–CF–1934.

District of Columbia Court of Appeals.

Submitted Feb. 1, 2001.

Decided March 8, 2001.

1. D.C.Code § 22–504(a) (2000 Supp.) provides that "[w]hoever unlawfully assaults, or threatens another in a menacing manner,

David L. Frecker, Clifton, VA, appointed by the court, was on the brief.

Marc O. Litt, Assistant United States Attorney, with whom Wilma A. Lewis, United States Attorney, and John R. Fisher and Elizabeth Trosman, Assistant United States Attorneys, were on the brief, for appellee.

Before RUIZ, Associate Judge, and KING and KERN, Senior Judges.

RUIZ, Associate Judge:

After a bench trial appellant, Bruce Smith was convicted of simple assault in violation of D.C.Code § 22–504.[1] Appellant contends that because D.C.Code § 1–617.1(d)(1) *repealed by* Omnibus Consolidated Emergency Supplemental Appropriations Act, 1999, § 134, 112 Stat. 2681, 2681–596, 45 D.C.Reg. 9049 (making effective D.C. Law 12–124, the Omnibus Personal Reform Amendment of 1998, §§ 101(c) & 401) provided that uniformed members of the Metropolitan Police Department (MPD) may be terminated for cause for committing either a felony or a misdemeanor, he had a constitutional right to a trial by jury[2] because the possibility that he might lose his job converted the

shall be fined not more than $1,000 or be imprisoned not more than 180 days, or both."

2. Article III, § 2 of the United States Constitution provides: "[t]he trial of all Crimes, except in Cases of Impeachment, shall be by Jury...." The Sixth Amendment provides: "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury...."

petty crime of simple assault into a serious crime. We disagree and affirm.

## I. FACTUAL SUMMARY

The evidence at trial showed that on November 19, 1997, appellant, then an officer employed by the MPD, illegally stopped six young men who were standing on a public street. He ordered the men up against his unmarked police car, and patted them down. Appellant then ordered one of the young men, Paul Watkins, to come back and pick up a tissue someone had left on the car. When Mr. Watkins refused, Officer Smith roughly grabbed him, dragged him to the car and forced him to pick up the tissue. After the two exchanged some words, Officer Smith punched Mr. Watkins in the face.

Appellant was charged with assault under D.C.Code § 22–504(a), which authorizes a maximum penalty of 180 days imprisonment, a $1000 fine, or both. *See* D.C.Code § 22–504(a) (2000 Supp.). Subsequently, appellant received a Notice of Proposed Adverse Action from the MPD, charging appellant with misconduct as defined in D.C.Code § 1–617.1(d)(1) and (16), and proposing termination of employment following an administrative hearing, if

Smith so requested. Appellant then demanded a jury trial pursuant to the Sixth Amendment to the United States Constitution, and *Blanton v. City of North Las Vegas,* 489 U.S. 538, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989), arguing that D.C.Code § 1–617.1(d), by providing for termination for cause, elevated simple assault to serious crime status, and thus warranted a jury trial. This motion was denied and, after a bench trial, appellant was convicted of simple assault in violation of D.C.Code § 22–504.[3] Appellant did not request an administrative hearing and, instead, resigned from the police force.

## II. ANALYSIS

■ We review the denial of a defendant's request for a jury trial *de novo. See Day v. United States,* 682 A.2d 1125, 1127 (D.C.1996) (holding that defendant was not entitled to a jury trial for simple assault); *Davis v. United States,* 564 A.2d 31, 35 (D.C.1989) (en banc) (Court of Appeals reviews pure legal determinations *de novo* based on an original appraisal of the record).

■ Appellant contends that because D.C.Code § 1–617.1 (1992 Repl.)[4] provided

---

**3.** The trial court sentenced appellant to a term of incarceration of 180 days with all but three consecutive weekends suspended, a $50 assessment to be paid to the Crime Victims Compensation Fund, one year of supervised probation and fifty hours of community service to be completed during appellant's first five months of probation.

**4.** D.C.Code § 1–617.1 (1992 Repl.) (entitled "Adverse Actions") stated, in pertinent part:

(b) A permanent employee in the Career or Educational Service who is not serving a probationary period or an employee appointed under the authority of § 1–610.4(2) and serving for at least 1 year with average performance may be suspended for more than 30 days, reduced in rank or pay, or removed from the Service only for cause and only in accordance with the provisions of this subchapter and subchapter VI of this chapter. The extent of the corrective action shall reflect the severity of the infraction.
. . . .

(d) For purposes of this section, cause shall be defined as follows:
. . . .
(10) Conviction of a felony. A plea or verdict of guilty, or a conviction following a plea of nolo contendere, to a charge of a felony is deemed to be a conviction within the meaning of this section. Notwithstanding the foregoing, cause under this paragraph with regard to uniformed members of the Metropolitan Police Department is deemed to be the commission of any act which would constitute a crime;
. . . .
(16) Other conduct during and outside of duty hours that would affect adversely the employee's or the agency's ability to perform effectively.
. . . .
(22) Conviction of a misdemeanor, when the conviction is based on conduct that would affect adversely the employee's or the agency's ability to perform effectively. A plea of guilty, or a conviction following a plea of nolo contendere, to a charge of a

that uniformed members of the MPD may be terminated for cause for committing either a felony or a misdemeanor, the statute converted the otherwise "petty" crime of simple assault into a "serious crime," thereby giving rise to a right to a trial by jury under the Sixth Amendment. Specifically, appellant argues that the trial court erred in denying his request for a trial by jury because appellant "risked his career, medical benefits, and retirement upon conviction," and was subjected to penalties "well beyond the punishment prescribed by Section 22 504." Appellant's argument centers upon whether his potential termination from employment under D.C.Code § 1–617.1, when viewed together with a maximum penalty for assault of no more than $1,000 and/or a 180 day prison term,[5] is such severe punishment that "[it] clearly reflect[s] a legislative determination that the offense in question is a 'serious' one," and thus warrants a jury trial. *Blanton,* 489 U.S. at 543, 109 S.Ct. 1289 (holding that a jury trial may be available in some situations where a legislature packs an offense it deems serious with onerous penalties).

Although the literal language of Article III, § 2 of the United State Constitution guarantees a right to a trial by jury for "all Crimes, except in Cases of Impeachment," and the Sixth Amendment likewise grants a jury trial "in all criminal prosecutions," the Supreme Court has held that defendants in trials for "petty" crimes can be tried summarily. *See Duncan v. Louisiana,* 391 U.S. 145, 158, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968) (upholding the constitutionality of prosecuting petty crimes without a jury trial); *Frank v. United States,* 395 U.S. 147, 148, 89 S.Ct. 1503, 23 L.Ed.2d 162 (1969) (affirming that there are criminal charges that do not warrant a

jury trial). In *Blanton,*[6] the Supreme Court determined that the most relevant criterion for judging "the seriousness with which society regards the offense" is "the severity of the maximum authorized penalty." 489 U.S. at 541, 109 S.Ct. 1289. Although the court recognized that there could be rare situations where a legislature might add penalties that could make a crime more "serious," it established a presumption that crimes punishable by a penalty of six months or less are petty and are not constitutionally required to be tried by a jury. *See id.* at 542–43, 109 S.Ct. 1289. In *United States v. Nachtigal,* 507 U.S. 1, 113 S.Ct. 1072, 122 L.Ed.2d 374 (1993), the Supreme Court reaffirmed *Blanton* and held that monetary penalties and restrictive probation conditions to which the defendant was exposed "cannot approximate in severity the loss of liberty that a prison term entails." *Id.* at 5, 113 S.Ct. 1072 (quoting *Blanton,* 489 U.S. at 542, 109 S.Ct. 1289).

This court addressed an issue similar to the instant case in *Foote v. United States,* 670 A.2d 366 (D.C.1996), where the appellant relied on sanctions or remedies which were not included or mentioned in the statutes under which he was charged, and argued that the legislature had "packed" the offense of unlawful drug possession and possession of drug paraphernalia with intent to use with penalties other than incarceration that were so severe that the offenses could not be "petty" for the purposes of the right to a jury trial. *See id.* at 370. The appellant in *Foote* asserted that persons who unlawfully possess a controlled substance are subject to additional penalties such as eviction, forfeiture of assets, exclusion or deportation from the United States, and ineligibility for federal

---

misdemeanor involving the specified conduct, shall constitute prima facie evidence of the elements of the misdemeanor.

**5.** D.C.Code § 22–504(a) (2000 Supp.).

**6.** In *Blanton,* the Supreme Court considered whether a person charged with driving under

the influence of alcohol was entitled to a jury trial where conviction could lead to a six-month prison term or non-prison penalties such as ninety-day license suspension, community service, and monetary penalties. *See* 489 U.S. at 540, 109 S.Ct. 1289.

benefits, and that facing such penalties entitled him to a jury trial. *See id.* We rejected appellant's claim holding that. "uncertain and purely collateral consequences" of a conviction imposed only in "hypothetical civil or administrative proceedings" do not elevate a petty offense to a serious one. *See id.* at 372; *see also Young v. United States,* 678 A.2d 570, 571 & n. 2 (D.C.1996) (holding that D.C.Code § 42 302.1, which requires that the Mayor revoke, "in the absence of compelling circumstances warranting an exception, the motor vehicle operator's permit of a District resident ... convicted as a result of the commission of a drug offense" does not transform the petty offense of possession of a controlled substance into a jury-demandable offense.)

Appellant was prosecuted for violating D.C.Code § 22–504(a), which, under *Blanton,* is presumptively a "petty" offense, because it carries a penalty of no more than six months incarceration. *See Day,* 682 A.2d at 1130. By referencing the additional penalty in § 1–617.1, appellant has not effectively rebutted *Blanton's* presumption that offenses carrying no more than six months incarceration are petty.

Appellant has cited no authority in this jurisdiction[7] for the proposition that potential termination or employer discipline upon conviction enhances simple assault to a "serious" crime, nor does he explain how his case differs from *Foote.* As in *Foote,* the termination in his case did not follow automatically upon conviction of assault, but was based on the MPD's assessment that the underlying conduct "would affect adversely the employee's or the agency's ability to perform effectively," D.C.Code § 1–617–1(d)(16) & (22) (1992 Repl.), and bring "discredit upon [appellant] or the department," General Order Series 201, Number 26, Part I–B–22. The MPD notice and proposed termination recited the specific misconduct of which appellant was accused.

Such adverse action for cause could be imposed only after certain procedural requirements were satisfied, in proceedings outside the province of the sentencing court, and are discretionary. *See Foote,* 670 A.2d at 372 ("[W]e conclude that, to the extent that the purported penalties of which *Foote* complains could not be imposed by the sentencing judge as punishment for the two charged offenses, *Foote's* reliance on such uncertain and purely collateral consequences of his conviction must fail." (footnote omitted)). Therefore, we have no difficulty concluding that the legislature did not intend that potential termination under D.C.Code § 1–617.1 elevate a petty crime such as simple assault to a jury-demandable offense and hold that appellant was not entitled to a jury trial under the Sixth Amendment.[8]

*Affirmed.*

---

7. Appellant cited *United States v. Twentieth Century Fox Film Corp.,* 882 F.2d 656 (2d Cir.1989), which applies only to criminal contempt cases and held that the absolute dollar amount of fines above which the Sixth Amendment entitles all corporations and other organizations to a jury trial for criminal contempt is $100,000. *See id.* at 663.

8. Appellant also argues that D.C.Code § 16–705 entitles him to a jury trial. The plain meaning of the statute makes it inapplicable to the offense of assault because it is not "punishable by a fine or penalty or more than $1,000 or by imprisonment for more than 180 days...." D.C.Code § 16–705(b)(1) (1997 Repl.).