An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

LUANIE LAMBEY,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
VALORIE J. VEGA, DISTRICT JUDGE,
Respondents,
  and
THE STATE OF NEVADA,
Real Party in Interest.

No. 63679

FILED

SEP 1 8 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION

In this original petition for a writ of mandamus or habeas corpus, petitioner Luanie Lambey challenges an order of the district court denying his request for a jury trial on a pending charge. Lambey claims that the district court erred in denying his motion because he is entitled to a jury trial on the offense of misdemeanor battery constituting domestic violence in municipal court. We disagree.

Under Nevada law, first-offense domestic battery is a misdemeanor punishable by, inter alia, two days to six months in jail. *See* NRS 200.485(1)(a)(1). Where a defendant is charged with an offense for which the period of incarceration is six months or less, the crime is presumed to be a petty offense and a jury trial is constitutionally required only in rare and exceptional cases. *See United States v. Nachtigal*, 507 U.S. 1, 3-5 (1993); *Blanton v. North Las Vegas Mun. Court*, 103 Nev. 623,

748 P.2d 494 (1987), *aff'd sub nom. Blanton v. North Las Vegas*, 489 U.S. 538 (1989). In those exceptional cases, a defendant must prove that statutory penalties in addition to the maximum authorized period of incarceration "are so severe that they clearly reflect a legislative determination that the offense in question is a 'serious' one." *Blanton*, 489 U.S. at 543.

Lambey claims that various collateral consequences of a conviction for domestic battery support his contention that it is a serious offense: (1) NRS 432B.157 and NRS 125C.230 create a rebuttable presumption that the perpetrator of domestic violence is unfit for sole or joint custody of his children; (2) he could lose the right to possess a firearm under 18 U.S.C. § 922(g)(9) and carry a concealed weapon under NRS 202.3657(4)(g); and (3) a conviction would render a misdemeanant deportable under federal immigration law.[1] Lambey also contends that the penalty scheme reflects the Legislature's determination that the offense is serious. Notably, in addition to the six-month sentence, there are fines, fees, community service, counseling, civil liability, and reduced discretion on the part of the prosecutor and police.[2]

---

[1]Lambey concedes that he is a United States citizen, and we therefore conclude that he has not demonstrated that he could suffer deportation.

[2]Lambey also argues that other courts have concluded that a significant suspension of one's driver's license has necessitated a jury trial. However, Lambey has not demonstrated that he faces such a penalty if convicted of first-offense domestic battery.

While Lambey states that his interest in raising his child and his right to bear arms are important fundamental rights, he offers no convincing support for the proposition that the collateral consequences of a conviction—those imposed by Nevada courts other than the sentencing court, other states, or by the federal government—are relevant to determine whether the offense is "serious." *Compare Foote v. United States*, 670 A.2d 366, 372 (D.C. 1996) ("*Blanton*'s presumption that offenses carrying no more than six months incarceration are petty cannot, in our view, be effectively rebutted by reference to the potential remedies in hypothetical civil or administrative proceedings which have not been instituted."), *and Smith v. United States*, 768 A.2d 577, 580 (D.C. 2001) (concluding that potential termination of employment following conviction is collateral and therefore cannot elevate petty offense to serious one), *with Richter v. Fairbanks*, 903 F.2d 1202, 1205 (8th Cir. 1990) (concluding that, although maximum jail term was six months for DUI conviction, offense was serious because statute also included possible 15-year driver's license revocation). Further, we note that this court has previously rejected the proposition that collateral consequences of a conviction should be considered in determining its seriousness. *See Blanton*, 103 Nev. at 633-34, 748 P.2d at 500-01. In addition, Lambey has not demonstrated that the fines, fees, community service, and counseling that may be mandated by statute are so onerous that he has overcome the presumption that the legislature considers this a petty offense. *See Nachtigal*, 507 U.S. at 4-5 (concluding that monetary fines and terms of probation were not as severe a penalty as six months in jail).

We therefore conclude that because Lambey cannot overcome the presumption that the offense is petty, the district court did not manifestly abuse its discretion by denying his request for a jury trial, *see* NRS 34.160; *Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 637 P.2d 534 (1981), nor is his liberty being unlawfully restrained, *see* NRS 34.360. Accordingly, we

ORDER the petition DENIED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:   Hon. Valorie J. Vega, District Judge
      The Pariente Law Firm, P.C.
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk